```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ROLANDO ANGUIANO, | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: |
| Plaintiff, | |
| v. | 21-CV-7523 (RA) |
| NICKOLA C. VUKOVOJAC & WESTERN EXPRESS INC., | MEMORANDUM<br>OPINION & ORDER |
| Defendants. | |

RONNIE ABRAMS, United States District Judge:

Plaintiff Rolando Anguiano brings this personal injury action against Defendants Nickola Vukovojac and Western Express based on a motor vehicle accident. Plaintiff filed suit in New York State Supreme Court on May 24, 2021, and Defendants subsequently removed the case to federal court. Currently before this Court is Plaintiff's motion to remand the action to the Supreme Court of New York, Bronx County due to Defendants' untimely removal. For the reasons set forth below, the motion is granted, and the case is remanded.

## BACKGROUND[1]

Plaintiff was injured in a car accident in the Bronx on May 1, 2020 and he alleges that the accident was caused by Vukovojac's negligent operation of a truck in the course of his employment with Western Express. Dkt. 1-1 ¶¶ 7–18 ("Compl."). Plaintiff filed his verified complaint in New York State Supreme

---

[1] The facts in this section and throughout are taken from Plaintiff's Summons and Verified Complaint, Dkt. 1-1 ("Compl."), and are assumed to be true for purposes of this motion, *see Weiss v. Hager*, No. 11 Civ. 2740 (VB), 2011 WL 6425542, at *2 (S.D.N.Y. Dec. 19, 2011) (accepting allegations in complaint as true when considering motion to remand). Some facts are also drawn from the parties' declarations and attached exhibits, which this Court may consider in deciding a motion to remand. *See Marc J. Bern & Partners LLP v. U.S. Legal Support, Inc.*, 17 Civ. 6771 (ER), 2018 WL 2943784, at *1 n.1 (S.D.N.Y. June 11, 2018).

Court on May 24, 2021. *Id.* at 8. Defendants were served in June of 2021. *See* Dkt. 8-2. The complaint contained the following paragraph on the final substantive page:

> **WHEREFORE,** plaintiff demands judgment against the defendants in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York, and in an amount which satisfies diversity jurisdiction of the Federal Courts pursuant to 28 USCA § 1441 and 1331, together with the costs and disbursement of this action.

Compl. at 8. Defendants filed an answer on July 1, 2021, and served Plaintiff with a Demand for Damages. Dkts. 1-2, 1-3. On August 31, 2021, Plaintiff responded to the Demand for Damages and specified that he was seeking $1,000,000 in damages. Dkt. 1-4.

On September 9, 2021, Defendants filed a notice of removal in this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. 1. On October 4, 2021, Plaintiff filed a motion seeking to remand the action to state court, which he amended three days later. Dkts. 7, 8 ("Pl.'s Mem."). After receiving Defendants' opposition brief and Plaintiff's reply brief, the Court held a conference to discuss the motion to remand.

## LEGAL STANDARD

The party seeking removal bears the burden of establishing that this Court has jurisdiction over its claims. *Montefiore Medical Center v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).[2] A federal court has a "continuing obligation to satisfy [itself] that federal jurisdiction over the matter before [it] is proper." *Filsaime v. Ashcroft*, 393 F.3d 315, 317 (2d Cir. 2004). "Because statutory procedures for removal are to be strictly construed [federal courts] resolve any doubts against removability." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021); *see also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32, 123 S.Ct. 366 (2002) ("Statutory procedures for removal are to be strictly construed."), *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941). This principle ensures "respect for the independence of state courts." *Hill v. Delta Int'l Mach. Corp.*, 386 F. Supp. 2d 427, 429

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2

(S.D.N.Y. 2005); accord *Forde v. Hornblower N.Y., LLC*, No. 16 Civ. 4028 (AJN), 2017 WL 1078585, at *2 (S.D.N.Y. Mar. 20, 2017) ("In light of federalism concerns, federal courts construe the removal statute narrowly and resolve any doubts against removability."). Where, as here, "subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings," including "documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

## DISCUSSION

"Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1). Where these substantive conditions are met, removal must also comply with the procedural requirements of 28 U.S.C. § 1446. The parties do not contest the substantive removal requirements are met, but the Court must nonetheless determine that it has jurisdiction over the action before reaching procedural questions, which are disputed in this case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

### I. Diversity Jurisdiction

"To remove a case based on diversity jurisdiction, the diverse defendant must aver that all of the requirements of diversity jurisdiction have been met." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). As mentioned above, the parties appear to agree that there is jurisdiction pursuant to § 1332. Western Express is a Tennessee corporation, Vukovojac is a resident and domiciliary of Illinois, and Plaintiff is a resident and domiciliary of New York. *See* Dkt. 1 at 3–5, Compl. at 2–3. Plaintiff is seeking

damages of $1,000,000.  Dkt. 1-4.  Accordingly, the Court finds it has jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Timeliness of Removal

The basis for the motion to remand is that removal was untimely under § 1446.  Section 1446(b) requires that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  Under § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper **from which it may first be ascertained** that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3) (emphasis added).  This 30-day period begins once the defendant can "intelligently ascertain removability from the face of [the initial] pleading." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–206 (2d Cir. 2001).  In a case based on diversity jurisdiction, "[a] pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support the removal petition," including "the amount in controversy and the address of each party." *Id.*

Whether removal was timely turns on which document triggered the 30-day period.  Plaintiff contends that his initial pleading, which contained a clause stating the requirements for federal diversity jurisdiction were met, was sufficient to trigger the 30-day period, whereas Defendants argue that the amount in controversy could only be ascertained once Plaintiff had sent his response to the Demand for Damages.  There is no dispute that if Plaintiff is correct, removal was untimely under § 1446, and likewise, that if Defendants are correct, removal was timely.

### A. N.Y. C.P.L.R. 3017

As a preliminary matter, actions for personal injury or wrongful death in New York are governed by particular pleading requirements. N.Y. C.P.L.R. 3017(c) specifically prohibits a plaintiff in personal injury cases from including a dollar amount of damages in the pleading. N.Y. C.P.L.R. 3017(c) ("In an action to recover damages for personal injuries…[the complaint] shall contain a prayer for general relief **but shall not state the amount of damages** to which the pleader deems himself entitled." (emphasis added)).³ Furthermore, the statute requires that "if the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." *Id.*

These requirements complicate the question as to whether a case is potentially removable. While defendants can ordinarily discern whether the amount in controversy exceeds the $75,000 threshold from the damages sought, in personal injury cases, state law prohibits inclusion of that information. *See* Siegel, N.Y. Prac. § 619 (6th ed.) (describing difficulties created by C.P.L.R. 3017). Recognizing the potential for uncertainty caused by this requirement, C.P.L.R. 3017 proscribes a procedure whereby a defendant may serve a demand on the plaintiff for a statement of the sum sought in the action, and the plaintiff must reply within 15 days. *See* N.Y. C.P.L.R. 3017(c). This appears to be the typical practice by which defendants learn of the amount in controversy, and the practice Defendants followed in this case. *See* Siegel, N.Y. Prac. § 619 (6th ed.) ("The remedy for the curious defendant [seeking to learn the amount in controversy for diversity purposes] is to use the supplemental demand procedure supplied by CPLR 3017(c).").

Here, in an apparent attempt to streamline this process, Plaintiff included the following statement in the complaint:

---

³ For a discussion of the legislative history and purpose of this requirement, see *Braun v. Ahmed*, 127 A.D.2d 418, 426–28, (1987), *id.* at 432–41 (concurrence, Spatt, J.).

> **WHEREFORE,** plaintiff demands judgment against the defendants in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York, **and in an amount which satisfies diversity jurisdiction of the Federal Courts pursuant to 28 USCA § 1441 and 1331,** together with the costs and disbursement of this action.

Compl. at 8 (emphasis added). Plaintiff argues that the language emphasized above was sufficient for Defendants to ascertain removability.

### B. Sufficiency of the Language

Defendants concede that the language itself was sufficient to ascertain removability. At oral argument, Defendants' counsel stated that, "the language itself is, has been addressed previously in the *Jimenez-Castro* decision and had it been in an enumerated clause where the defendant would have to affirmatively respond to it, I would argue in plaintiff's favor." Transcript, November 5, 2021 Conference at 4:19–5:2; *see also* Dkt. 11 at 3 (acknowledging that the court in *Jimenez-Castro* also determined the language satisfied the requirements of *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34 (2d Cir. 2010)) ("Defs.' Opp."). With no dispute as to whether the statement itself was sufficient, the Court will turn to the whether the location of the language in the complaint undermined Defendants' ability to ascertain removability.

### C. Placement in the "Wherefore Clause"

Defendants argue that Plaintiff "intentionally obscured [the clause] by inserting it within what is typically, and consistently, boilerplate language," and that it was thus insufficient for Defendants to ascertain removability. Defs.' Opp. at 4. The Court disagrees. Whether placed in a numbered paragraph or the wherefore clause, the language from Plaintiff's complaint plainly stated the information necessary for Defendants to ascertain that the case was removable.

The wherefore clause fulfills a statutory requirement that the complaint in a personal injury or wrongful death case must state whether the damages sought exceed the jurisdictional limits of the lower state courts. *See* N.Y. C.P.L.R. 3017(c). Where, as here, a plaintiff seeks to notify defendants that the amount in controversy not only exceeds the minimum threshold for New York Supreme Court but also

6

the threshold for federal diversity jurisdiction, it follows that such a statement may properly be included in the wherefore clause. *See* Tr. 3:11–20.

Defendants urge that Plaintiff intentionally included this critical language in a "boilerplate" conclusory paragraph—knowing most, if not all attorneys, might typically "glaze over" such language. *See* Defs.' Opp. at 3 (quoting *Almonte v. Target Corp.*, 462 F. Supp. 3d 360, 367 (S.D.N.Y. 2020)). They have not, however, cited state or federal law to support the notion that inclusion of language in a wherefore clause divests it of legal significance. It is true that defendants cannot be required to guess or deduce the amount in controversy when it has been "obscured, omitted, or misstated," *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 399 F. Supp. 2d 340, 347 (S.D.N.Y. 2005), but they are also not exempt from carefully reading the entirety of a plaintiff's complaint, including the wherefore clause. Accordingly, the placement of the statement of jurisdiction in the wherefore clause was not improper, as Defendants were able to ascertain removability from the initial pleading. Their removal, several months after being served with the complaint, is thus untimely under § 1446.

### D.  *Almonte* and *Jimenez-Castro* are Not in Conflict

This result accords with the other courts in this district that have addressed similar complaints. In *Almonte v. Target Corporation*, the plaintiff included the following wherefore clause in her complaint: "plaintiff has been damaged in an amount in excess of all lower courts that would otherwise have jurisdiction herein and **that exceeds the jurisdictional minimum of all courts that would have concurrent jurisdiction**." 462 F. Supp. 3d 360, 366 (S.D.N.Y. 2020) (emphasis added). Judge Woods decided the case on other grounds, but observed that the language was "somewhat sly because it does not use the words 'federal courts'" and instead embeds a "coded reference" to diversity jurisdiction. *Id.* at 367. He cautioned that "without a red flag reference to 'federal courts,'" a lawyer might glaze over the clause that was intended to trigger the 30-day period to remove. *Id.*

Defendants seize on Judge Woods' warning regarding "sly" drafting to argue that Plaintiff's pleading did not give sufficient notice of removability. While the Court agrees with Judge Woods that sly drafting should be met with skepticism, the reference to federal diversity jurisdiction here is not "coded." Unlike *Almonte*, the instant complaint plainly identifies that it is seeking an amount "which satisfies diversity jurisdiction of the Federal Courts" and cites the federal statutes that support diversity jurisdiction in this case. Compl. at 8.

In *Jimenez-Castro v. Greenwich Ins. Co.*, the complaint included a numbered paragraph stating the amount of damages sought exceeded the requirements for federal diversity jurisdiction: "Plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC § 1332(a) exclusive of interests and costs." No. 20 Civ. 9210 (ALC), 2020 WL 7352505, at *2 (S.D.N.Y. Dec. 15, 2020). Judge Carter found that the defendant could "intelligently ascertain removability" from that portion of the complaint. *Id.* at *3.

Defendants argue that *Jimenez-Castro* is distinguishable because of the difference in placement—namely, that there the statement regarding jurisdiction was in a numbered paragraph as opposed to a wherefore clause at the conclusion of the complaint. But, Judge Carter in *Jimenez-Castro* did not make any findings based on the placement of the statement of removability. As articulated above, the inclusion of a statement regarding federal jurisdiction in the wherefore clause follows from the overall purpose of C.P.L.R. 3017, and *Jimenez-Castro* does not counsel otherwise. Indeed, the reasoning of *Jimenez-Castro* applies with equal, if not greater, force to this case, where the complaint contains an even more direct statement of federal jurisdiction.

## CONCLUSION

For the foregoing reasons, the 30-day period for removal ran from the service of Plaintiff's initial pleadings.  Accordingly, the time to remove under § 1446 has lapsed and the case is hereby remanded.

SO ORDERED.

Dated:   December 22, 2021
         New York, New York

_____
RONNIE ABRAMS
United States District Judge